IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ERIC DEPAOLA                                                                                    PLAINTIFF

v.      CASE NO. 7:14-cv-00485

H. CLARKE, et. al.,                                                                              DEFENDANTS

## ANSWER

COMES NOW, the Defendant J.T. Fleming, hereinafter (Defendant), and files this as Answer to the Complaint filed herein, and states as follows:

### FIRST DEFENSE

The Defendant denies that the present action is cognizable under 42 U.S.C. § 1983 and 28 U.S.C. § 1343.

### SECOND DEFENSE

The Defendant denies that the Plaintiff has been denied any rights protected by the First Amendment, the Fourteenth Amendment, the Religious Land Use and Institutional Persona Act, the United States Constitution, any part of the United States Code, or any laws of the Commonwealth of Virginia.

### THIRD DEFENSE

The Defendant avers that the Complaint fails to state a claim upon which relief can be granted.

1

## FOURTH DEFENSE

The Defendant denies that the Plaintiff has suffered any cognizable injuries or damages as a result of any act or act on the part of the Defendant.

## FIFTH DEFENSE

The Defendant alleges and avers that, to the extent that the Plaintiff has suffered any injury or damages, such injury or damages were due to an act or acts by the Plaintiff, or on the part of others, not under the control of the Defendants, and for whose conduct they are in no way responsible for.

## SIXTH DEFENSE

The Defendant denies that he is indebted to or liable to the Plaintiff in any sum whatsoever.

## SEVENTH DEFENSE

The Defendant denies that the Plaintiff has suffered the injuries and damages alleged and calls for strict proof thereof.

## EIGHTH DEFENSE

The Defendant is immune from suit on this claim based upon the Eleventh Amendment and the discharge of his official duties.

## NINTH DEFENSE

The Defendant is entitled to good faith or qualified immunity in this matter.

## TENTH DEFENSE

To the extent that the Plaintiff has failed to allege any direct involvement on the part of the Defendant in the acts or omissions complained of, such claims must fail since *respondeat superior* is not available in an action under 42 U.S.C. § 1983.

2

## ELEVENTH DEFENSE

To the extent that the claim alleges negligence on the part of this Defendant, the claim is barred in this Court by the Eleventh Amendment.

## TWELFTH DEFENSE

Plaintiff has failed to exhaust some or all of the claims through the prison grievance system, as required by 42 U.S.C. §1997e(a), which bars such claims.

## THIRTEENTH DEFENSE

The Complaint is barred, either in whole or in part, by the applicable statute of limitations.

## FOURTEENTH DEFENSE

As to the specific factual allegations set out in the Complaint, the Defendant states as follows:

1. To the Defendant's best knowledge, the Plaintiff is an inmate incarcerated with the Virginia Department of Corrections (VADOC) at Red Onion State Prison (ROSP) at all relevant times.

2. Defendant was employed by VADOC at ROSP until October of 2016.

3. The Plaintiff was a level "S" offender during the Defendant's employment at ROSP, which is a special purpose bed assignment for the protective care and custodial management of offenders. To the Defendant's knowledge, the Plaintiff was participating a Step-Down program at ROSP.

4. Security Level "S" is comprised of three management classifications: (1) Intensive Management (IM), (2) Special Management, and (3) the Re-Entry Unit.

5. DePaola was assigned to the Intensive Management classification during the Defendant's time at ROSP. Offenders are typically assigned to this classification if they have the potential for extreme and/or deadly violence. They are reviewed an assigned at escalating privilege levels, and the various assignments are as follows: IM-0, IM-1, IM-2, and IM-SL6.

6. VADOC Operating Procedure (OP) 864.1, Offender Grooming and Hygiene establishes uniform personal grooming standards for the offenders incarcerated in VADOC to facilitate the identification of offenders and promote safety, security and sanitation. All VDOC offenders are permitted to grow a beard that is ¼ inch maximum in length. Offenders who violate this policy may be charged with an institutional offense.

7. Offenders in segregation are permitted to shower and shave not less than three times a week. Barber services are offered monthly.

8. Offenders assigned to segregation housing assignments are limited in their out-of-cell activities. Although they may not attend group religious services, they may practice their faith in their cells. ROSP has a Chaplain on staff for religious requests and activities. Offenders housed in segregation may request that the Chaplain visit their cells for private worship and counsel.

9. To the Defendant's knowledge, there are no "communal" televisions in the housing units in C-Building. There are incentives built into the step-down program which are designed to motivate the offenders to participate in the program and work towards long-term behavioral changes, new thought patterns, and social skills. Televisions are considered a privilege.

10. To my knowledge the Plaintiff's television was confiscated in November of 2015, because he was placed on IM-0 status.

11. That is a decision made by supervisory staff that were in charge of the building, not by myself, as a floor officer.

12. I did participate in removing the Plaintiff's television simply by following an order given to me by a superior and taking the television out of the cell.

13. To my knowledge the Plaintiff's TV was returned to him in April, after he had worked his way back up to IM-1 status.

14. Defendant further denies each and every allegation not expressly admitted herein.

FIFTEENTH DEFENSE

The Defendant will rely on any and all other properly available defenses to the Compalint which arise from the Plaintiff's prosecution of this action and reserves the right to amend their answer if at any time he should be so advised.

Respectfully Submitted,<br>J.T. Fleming

Jeremy B. O'Quinn
Virginia State Bar Number: <u>78891</u>
Attorney for **J.T. Fleming**
The O'Quinn Law Office, PLLC
P.O. Box 2327
532 W. Main Street
Wise, VA 24293
Telephone: (276) 679-2111
Fax: (276) 679-2112
E-mail theoquinnlawoffice@gmail.com

## CERTIFICATE OF SERVICE

I, Jeremy B. O'Quinn, do hereby certify that I have electronically filed the foregoing **Answer** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record on **May the 4th, 2017,** and I have mailed a copy to the Plaintiff, Eric Depaola, c/o Red Onion State Prison, PO Box 970, Pound, VA 24279.

 /s/Jeremy B. O'Quinn/s/_____
Jeremy B. O'Quinn
Virginia State Bar Number: 78891
Attorney for **Michael Wood**
The O'Quinn Law Office, PLLC
P.O. Box 830
816 Park Ave., NW
Norton, VA 24273
Telephone: (276) 679-2111
Fax: (276) 679-2112
E-mail theoquinnlawoffice@gmail.com