IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ERIC DePAOLA
Plaintiff,

V.                                    Civil Action No. 7:16cv00485

HAROLD CLARKE, et al.

Defendants.

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 6 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

## DECLARATION IN OPPOSITION OF DEFENDANTS MOTION FOR SUMMARY JUDGEMENT

1. I Eric DePaola (Plaintiff) hereby declare under penalty of perjury that the foregoing is true & correct.

2. I base all information contained herein upon personal knowledge.

3. I hereby reaffirm & incorporate herein all previously submitted information contained in my Varified Complaint Submitted Dec. 18, 2016. for review in consideration of this Opposition of def. mo. for summ. J.

4. The Holy Islamic scriptures known as Hadith require Muslims to grow/wear beards.

5. O.P. 830.A, a VDoc policy, allows for prisoners to be rated each month in re. to their Compliance w/ the VDOC grooming policy (O.P. 864.1) see pl. EX. A. & pl. EX. H

6. A team of ROSP officials meet monthly without the presents of prisoners & marks said ratings on a status

1

lating chart see pl. EX. B.

7. These reviews/ratings are done without the prisoners knowledge &/or without any due process, warning, etc.

8. Prisoners' Privilege Status & security level are affected by these ratings, as prisoners must advance through the privilege levels to be considered for reduction in security level.

9. Pursuant to O.P. 830.A prisoners whom do not comply with the ¼ inch grooming policy may not participate in the segregation step-down program; are not allowed to attend groups, or earn any privileges. See Pl. EX. K

10. Prisoners whom are given poor reviews/ratings in re. to non-compliance with the grooming policy are stripped of privileges including jobs, extra commissary items, extra library books, visits, phone calls, personal T.V., radio, programing, video visits, MP3 players. See Pl. EX. C., as well as pl. EX. K.

11. Niether grooming policies O.P. 830.A or O.P. 864.1 are applied in an orderly &/or fair fashion see Pl. EX. D & pl. EX. E as well as pl. EX. F.

12. Prisoners assigned ~~IM~~ status at RoSP are not permitted to go to the Grooming Standards Violator Housing Unit (VHU). Pursuant to VDOC, O.P. 830.A. & O.P. 864.1.

13. I have made the defendants aware of the fact that barber services are not offered on a regular basis via informal complaint & grievances. See pl. EX. G-J.

14. Other prisoners at RoSP have also constantly made the defendants aware that barber services are not being

2.

provided &/or are being refused by guards at Rosp see Pl. EX. F

15. The are two (2) barbers assigned to each building of units at Rosp.

16. During all relevant times in re. to the defendants actions from the date of 11-3-2015 foreword there were two (2) barbers assigned/available to the building in which Pl. was/is held. As well as most of the time beforehand.

17. To no avail, the Pl. repeatedly requested that the defendants Still, Swiney & Lyall allow for the barber to groom the Pl. so that he could be in compliance w/ the grooming standards & not have to shave his beard completely off in violation of his religious obligations.

18. The requests made by Pl. to above named defendants were made before & after the Pl. was compelled to shave his beard completely off.

19. On 11-3-2015, Def. Lyall wrote me a charge titled: Refusing to obey an order to comply w/ the VDOC grooming standards. The charge discription (made by def. Lyall) only states that "while making rounds I observed that the offender had a goatee several inches long. The offender is not in compliance w/ O.P. 864. see Pl. EX. L.

20. The def. Lyall does not allege that he gave me any order to get in compliance w/ the grooming policy before he wrote the charge nor does he allege that I refused such an order. See Pl. EX. L.

21. On 11-17-15 the Inmate Hearings officer responded via written request form. Confirming that the 133 grooming

infraction had been dismissed. See Pl. EX. M.

22. Normally out of Compliance persons are given an order to comply w/ the grooming procedure. If the Non-Compliant person wishes to get in Compliance a barber is always immediately provided to perform barber services.

23. After the Non-Compliant individual gets into Compliance he is then immediately eligible to earn priviledges & is most often given certain priviledges immediately.

24. The only option an individual has to comply w/ the grooming policy if he is denied/not provided barber services is to shave his hair completely off using a single blade razor during shower time (3 times a week). This of course violates ones religious obligations.

25. The mirrors that are in the showers which are for shaving purposes are mostly damaged Causing one to have to shave in the blind.

26. On 11-3-15 the defendants Stanley, & Fleming, & Lyall Confiscated my personal T.V. based upon my reduction in priviledge level due to the grooming issue. See Pl. EX. N.

27. In the C-5 podunit, where the Pl. was held, during all relevant times in re. to this action, there is a pod T.V. projector mounted on the podunit wall.

28. The defendants own policy (O.P. 830.A) dictates that prisoners be provided w/ a pod T.V. to observe religious & educational services See Pl. EX. C.

29. To no avail, the Pl. requested, both verbally & in writing, that the defend. is Barksdale, Still, Swiney, Lyall, Fleming & Stanley simply turn on the pod T.V.

so that Pl. could observe his required religious services see Pl. EX O-R.

30.      To my belief, the defendant Clarke & others at RosP have entered into a Settlement Agreement in a civil rights action which requires the defendants to provide Islamic religious videos to be showed over a closed broadcast system to prisoners at RosP.

31.      This Agreement was reached in Brown v. Ray U.S.D.C. (W.D.Va.) Case no. 7:09-cv-00180-pms. Which provides that defendants shall show Islamic videos in the above stated manner.

     I Eric DePaola hereby declare under penalty of perjury that the foregoing information contained herein is true & correct. Except as to that which is expressly stated to be based upon belief. To those statements I believe those to be true & correct as well. Executed at Wise Co. VA, on the date of: 6-19-17.

s/Eric DePaola