UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division

| | |
|---|---|
| ERIC DePAOLA,<br><br>              Plaintiff,<br><br>    v.<br><br>H. CLARKE, *et al.*,<br><br>              Defendants. | Civil Action No. 7:16-cv-00485 |

## **PLAINTIFF ERIC DEPAOLA'S MOTION TO COMPEL DEFENDANTS**

On July 23, 2018, Plaintiff Eric DePaola served on Defendants his Second Set of Requests for Production seeking documents relevant to the three issues Judge James P. Jones identified for trial. *See* Summ. J. Op. and Order at 18-19, ECF No. 56. Aside from Defendant Fleming, however, none of the Defendants answered or objected to Mr. DePaola's Requests within the required 30-day period. *See* Fed. R. Civ. P. 34(b)(2)(A). Those Defendants served untimely and incomplete responses (although, like Defendant Fleming earlier, not objections) after a meet and confer that Mr. DePaola's counsel requested. When the parties met and conferred on August 28, 2018 regarding Defendants' lack of production, counsel for Defendants made clear that Defendants had not undertaken any reasonable search for documents responsive to Mr. DePaola's July 23 requests. Because it does not appear that Defendants intend to comply with many of Mr. DePaola's discovery requests, Mr. DePaola has no choice but to respectfully request that the Court order Defendants to produce all documents within their possession, custody, or control responsive to Requests 3 through 7 in his Second Set of Requests for Production, as to which they have raised no timely objections.

## I. BACKGROUND

Mr. DePaola provided background relevant to this dispute in his Opposition to the motion to quash his subpoena *duces tecum* filed by the Virginia Department of Corrections ("VDOC"). *See* ECF No. 82 at 2-4. In short, Mr. DePaola, a practicing Muslim and an inmate at Red Onion State Prison ("ROSP"), is challenging Defendants' application of VDOC's grooming policy as substantially burdening his religious beliefs, which require him to maintain a beard. ECF No. 56 at 1. Mr. DePaola alleges that Defendants did not provide him with adequate grooming services, and then punished him for alleged non-compliance with the grooming policy. *Id.* at 6. On March 30, 2018, Judge Jones issued an Opinion and Order setting forth the following issues for trial:

> (1) Did in fact any of the defendants Barksdale, Gallihar, Swiney, Still, Duncan, Lyall, Fleming, and Stanley fail to provide barber services to plaintiff DePaola in 2015 and 2016, or did not prevent or correct such failure, and thereby prevented DePaola from adhering to sincerely held religious beliefs.
>
> (2) Was in fact any punishment or loss of privileges imposed on DePaola for failure to comply with the applicable grooming policy so disproportionate to legitimate penal needs, so as to violate DePaola's sincerely held religious beliefs.
>
> (3) If DePaola's religious rights were violated, what monetary damages or injunctive relief, if any, should be awarded?

*Id.* at 18-19.

On July 23, 2018, Mr. DePaola served an identical Second Set of Requests for Production on each Defendant. *See, e.g.*, ECF No. 82-1. The document requests to each Defendant are substantially identical to the requests contained in the subpoena *duces tecum* that Mr. DePaola served on VDOC. *See* ECF No. 81. Among documents sought by Mr. DePaola's Second Set of Requests for Production are any reports, studies, or analyses of VDOC and ROSP policies or practices for religious accommodation relating to facial hair, including any documents relating to any penological need in enforcing the relevant VDOC grooming policy against Muslim prisoners such as Mr. DePaola. *See* Request Nos. 3-4. Mr. DePaola

also sought documents relating to the offering or denial of grooming services to him, *see* Request No. 6, documents relating to decisions to punish him for alleged non-compliance with the grooming policy by, among other things, changing his Intensive Management ("IM") rating, *see* Request No. 5, and documents relating to complaints, grievances, or disciplinary reports involving the Defendants during their time at ROSP, *see* Request No. 7.

Defendant Fleming served timely responses, but did not object, directing Mr. DePaola that "the information would need to be subpoenaed directly from the Virginia Department of Corrections, who is a non-party in this matter." ECF No. 82. Defendants Barksdale, Gallihar, Swiney, Still, Duncan, Lyall, and Stanley did not timely respond, however, so counsel for Mr. DePaola requested a meet and confer, which took place on August 28, 2018. During the meet and confer, counsel for the Defendants (aside from Defendant Fleming) indicated that Defendants did not respond to Mr. DePaola's requests because they were "confused," but intended to submit responses after the call. Defendants finally served identical written responses on August 31, 2018. *See* Ex. 1 (example response of Def. Barksdale).

In their late responses, Defendants Barksdale, Gallihar, Swiney, Still, Duncan, Lyall, and Stanley did not object to any of Mr. DePaola's requests, but still did not agree to produce the requested documents. Specifically, in response to Requests 3 and 4 seeking documents relating to the need to enforce a grooming policy against Mr. DePaola, Defendants state that Mr. DePaola *must get responsive documents from VDOC*—even though VDOC (through their same counsel) is currently moving to quash the subpoena that Mr. DePaola served on VDOC seeking those documents. *See* Ex. 1 at 2 ("this request is best directed to the Virginia Department of Corrections"). Of course, Defendants avoid saying whether they have possession, custody, or control of any such documents, or whether they have even searched for the requested documents in response to those requests (certainly, they have had possession, custody, or control of other VDOC documents that they have produced thus far).

With respect to Request No. 5 seeking documents relating to the decision to punish Mr. DePaola for non-compliance with the grooming policy, counsel for Defendants stated during the meet and confer that Defendants would only produce a set of Institutional Classification Authority ("ICA") hearing materials, and that Mr. DePaola would have to get any additional documents from VDOC. According to the Defendants' written responses, they will only produce the same documents in response to Request No. 5 that they produced in response to Request No. 1, even though Request No. 5 is broader and seeks different information. *See* Ex. 1 at 2.

On August 31, 2018, Defendants produced a set of the promised ICA hearing forms, but the documents contain no substantive information whatsoever reflecting or describing the ICA's decisions to adjust Mr. DePaola's IM rating. *See, e.g.*, Ex. 2 (490-491). For example, Mr. DePaola's status rating was decreased from IM 2 to IM 0 on or about November 4, 2015—which Mr. DePaola alleges was punishment for non-compliance with the grooming policy—but the entire "[r]ationale" for that decision as shown in the ICA hearing form reads: "Remain segregation." *See id*. at 490. Clearly additional documents must exist regarding the VDOC's decision to punish Mr. DePaola for non-compliance with the grooming policy, thereby extending his time in segregation, but it appears that Defendants are refusing even to search for those additional documents.

With respect to Request No. 6 seeking documents reflecting the offering or denial of grooming services, Defendants only agreed to produce the barber logbooks that they "previously provided." *See* Ex. 1 at 2. During the meet and confer, counsel for Defendants made clear that Defendants had not performed any reasonable search for additional documents in response to Mr. DePaola's requests, even though the provision or non-provision of barber services will be a central factual issue in the upcoming trial. For example, counsel for Mr. DePaola inquired as to whether Defendants had searched their work emails for basic terms such

AMERICAS 95416463                                    4

Case 7:16-cv-00485-JPJ-PMS   Document 85   Filed 09/06/18   Page 4 of 8   Pageid#: 509

as "barber" and "DePaola" during the relevant period, and counsel for Defendants confirmed they had not. In fact, it appeared that Defendants had not even conducted a search for emails, and perhaps other electronically stored documents. When counsel for Mr. DePaola followed up with a specific request for search terms, *see* Ex. 3, counsel for the Defendants refused to perform the requested search, purportedly because even searching for terms such as "beard," "shave," "razor," and "Muslim" would somehow be "not reasonable." *Id*. Defendants have not claimed that performing such a search would cause any undue burden.

With respect to Request No. 7 seeking complaints, grievances, or disciplinary reports involving the Defendants, Defendants again referred Mr. DePaola to VDOC. *See* Ex. 1 at 3. On behalf of VDOC, counsel for Defendants only agreed to produce documents relating to "negative employment actions" or "founded grievances." *See* Ex. 3; *see also* Ex. 1 at 3. It is not clear what Defendants or VDOC consider to be "negative" actions or "founded" grievances, and therefore unclear what documents Defendants or VDOC intend to produce in response to this request, if any. There, of course, is not reason why VDOC should withhold any requested documents, given that Defendants have not objected to their production.

Thus, as of the date of this motion, apart from (1) incomplete barber logbook entries already provided months ago, (2) summary ICA hearing forms with no substantive information, and (3) Mr. DePaola's own disciplinary and grievance files, neither Defendants (nor VDOC with respect to similar requests) have produced any documents responsive to Request Nos. 3 through 7 in Mr. DePaola's Second Set of Requests for Production. In addition, counsel for Defendants has offered his clients for deposition on September 10 and September 11—in less than a week— and exhibits must be disclosed by October 2, 2018, under the Court's Scheduling Order. *See* ECF No. 69.

## II. ARGUMENT

Request Nos. 3 through 7 in Mr. DePaola's Second Set of Requests for Production are directed to basic factual information central to the issues identified for trial by Judge Jones. Specifically, Mr. DePaola seeks documents supporting or refuting the availability of barber services (Request No. 6), documents supporting or refuting the supposed penological need for enforcement of the applicable grooming policy (Request Nos. 3-4), documents relating to the decision to punish him for failing to comply with the policy (Request No. 5), and relevant complaints regarding Defendants' activities at ROSP (Request No. 7). Defendants have an obligation to undertake a reasonably diligent search and produce any responsive documents in their possession, custody, or control, which they have not yet done. *See Hosch v. United Bank, Inc.*, No. 09-cv-1490, 2012 U.S. Dist. LEXIS 18048, at *14 (D.S.C. February 13, 2012) ("Rule 34, Fed.R.Civ.P., *requires* parties to produce items 'in the responding party's possession, custody, or control.'") (emphasis added).

Defendants' unverified statement that certain of these documents are more properly sought from VDOC is an incomplete response under the Federal Rules, particularly given that VDOC (through Defendants' counsel) is simultaneously requesting that the Court quash the subpoena to VDOC that seeks those same documents. *See* ECF Nos. 77-78; Fed. R. Civ. P. 34(b)(2). If the documents exist and Defendants have access to them (as they have had access to other VDOC documents that they have produced), then Defendants must produce them. *See Goodman v. Praxair Servs.*, 632 F. Supp. 2d 494, 515 (D. Md. 2009)) ("[D]ocuments are considered to be under a party's control when that party has 'the right, authority, or practical ability to obtain the documents from a non-party to the action.'") (quoting *In re NTL, Inc. Securities Litigation*, 244 F.R.D. 179, 181 (S.D.N.Y. 2007)). At a minimum, Defendants should be ordered to perform a reasonably diligent search for responsive documents (which they have not done) to determine whether any documents within their possession, custody, or

control that are responsive to Mr. DePaola's requests. *See Shupe v. Baur*, No. 7:14-cv-00056 , 2015 U.S. Dist. LEXIS 35861, at *2 (E.D.N.C. March 23, 2015) ("Rule 37 of the Federal Rules of Civil Procedure provides that '[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection' if a party has failed to respond to a discovery request, such as a request for production.").

To the extent neither VDOC nor the Defendants produce documents responsive to Requests 3 and 4, then the Court should prohibit the introduction at trial of any documentary evidence (or testimony based on documentary evidence) purporting to support any "legitimate penal needs" served by VDOC's grooming policy. And, to the extent neither VDOC nor the Defendants produce documents responsive to Mr. DePaola's other basic factual requests regarding the availability of barber services and punishment inflicted on him, then the Court should infer that such services were unavailable, yet Mr. DePaola was punished as a result.

## III. CONCLUSION

For the foregoing reasons, the Court should grant Mr. DePaola's motion to compel and order Defendants to comply with Mr. DePaola's Second Set of Requests for Production.

Dated: September 6, 2018
Respectfully Submitted,

*/s/ Jaime M. Crowe*
Jaime M. Crowe (VSB No. 37186)
James P. Gagen (Pro Hac Vice)
Nicholas P. Putz (Pro Hac Vice)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Main: (202) 626-3640
Mobile: (202) 258-5930
Facsimile: (202) 639-9355
Email: jcrowe@whitecase.com
Email: jgagen@whitecase.com
Email: nicholas.putz@whitecase.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically e-mail notification of such filing to all counsel of record in this matter.

*/s/ Jaime M. Crowe*
Jaime M. Crowe (VSB No. 37186)
James P. Gagen (Pro Hac Vice)
Nicholas P. Putz (Pro Hac Vice)
WHITE & CASE LLP
701 Thirteenth Street, NW
Washington, DC 20005-3807
Main: (202) 626-3640
Mobile: (202) 258-5930
Facsimile: (202) 639-9355
Email: jcrowe@whitecase.com
Email: jgagen@whitecase.com
Email: nicholas.putz@whitecase.com