# EXHIBIT 3

| | |
|---|---|
| **From:** | Gagen, James |
| **Sent:** | Friday, August 31, 2018 7:23 PM |
| **To:** | Vorhis, Richard C. |
| **Cc:** | Crowe, Jaime M.; Putz, Nicholas; Yawn, Abigail T.; Warren, Kaffa, A.A.; Montour, Terrie D.; theoquinnlawoffice@gmail.com |
| **Subject:** | RE: DePaola v. Clarke, et al., Plaintiff's Document Requests |

Dick:

Thank you. Respectfully, however, your email does not accurately sum up where we are, nor does it reflect Defendants' lack of compliance with Mr. DePaola's discovery requests.

At the outset, you are incorrect that discovery is now "closed" as Judge Sargent made clear (and you agreed) that discovery would continue to proceed up until the day of trial on the three issues ordered for trial.

Mr. DePaola served his Second Set of Requests for Production on Defendants on July 23, but Defendants (except for Mr. Fleming) never timely objected or responded, or asked for additional time to object or respond. It was not until we asked you for a meet and confer (which you could not schedule until this past Tuesday) that Defendants even acknowledged there were any outstanding discovery requests. And, during our meet and confer, you made clear that Defendants had not undertaken any reasonable search for documents responsive to Mr. DePaola's document requests, including never searching Defendants' emails during the relevant time period, and never searching for any additional documents showing the availability or lack of availability of barber services beyond the incomplete logbook entries we had previously received. To be clear, federal practice requires that Defendants conduct a reasonably diligent search for all responsive data in their possession, custody, or control, including data stored on computer and email servers, computer hard drives, the cloud, and personal mobile devices.

We are still reviewing the limited production we just received today, a week after the deadline, but we do not agree to the unilateral limitations you are trying to impose on Defendants' and VDOC's further searches for relevant documents. Specifically, with respect to the email searches, your message incorrectly states that we somehow limited our request to two search terms, when in fact we provided examples but made clear during our call that we would be sending you a follow up email containing our email search terms. Nor does your attempt to limit the search to one substantive term like "grooming" make any sense when terms such as beard, haircut, and Muslim clearly must be included in light of the three issues for trial. Our negotiation on the relevant time period (which we can agree can be limited to January 1, 2014 through December 31, 2017) should also not preclude Defendants from searching for or producing the requested documents.

Particularly in light of Defendants' and VDOC's attempts to play hide the ball with various categories of documents, it is becoming clear to us that you do not intend to comply with your Rule 26 and Rule 34 obligations without Judge Sargent's intervention, and we therefore have no choice but to move to compel Defendants to produce documents responsive to at least Request Nos. 3-7 in Mr. DePaola's Second Set in light of the tight pretrial schedule (although these and other requests may be affected as we review the document production from this afternoon).

With respect to Defendants' depositions, we can only agree to September 10-11 dates if you agree that we can have a second deposition of Defendants at a later date—which we would request to be at Defendants' cost—to discuss any documents Defendants or VDOC produce after those dates. If you agree, we can proceed on September 10-11. Otherwise, we will need to resolve Defendants' and VDOC's lack of production before taking your clients' depositions.

Regards,
Jay Gagen

**James Gagen** | Counsel
T +1 202 626 6496   M +1 646 398 4785   E [jgagen@whitecase.com](mailto:jgagen@whitecase.com)

---

**From:** Vorhis, Richard C. <RVorhis@oag.state.va.us>
**Sent:** Friday, August 31, 2018 1:31 PM
**To:** Gagen, James <jgagen@whitecase.com>
**Cc:** Crowe, Jaime M. <jcrowe@whitecase.com>; Putz, Nicholas <nicholas.putz@whitecase.com>; Yawn, Abigail T. <AYawn@oag.state.va.us>; Warren, Kaffa, A.A. <KWarren@oag.state.va.us>; Montour, Terrie D. <TMontour@oag.state.va.us>; theoquinnlawoffice@gmail.com
**Subject:** RE: DePaola v. Clarke, et al., Plaintiff's Document Requests

Hi Jay,

You should be receiving a sharefile with the promised documents. There were ready to go by the end of Wednesday and due to a miscommunication on my end they were not sent. By the time you read this you should have the link to the sharefile.

At the end of the meet and confer, Jaime indicated that an email would be sent addressing several things that were unresolved on your end. He was going to provide a scanned example of what you were referring to as "internal status comments"; he was going to stipulate a date range for the requested discovery; he was going to discuss with you the proposed restriction on the employment records to limit it to any employment disciplinary actions taken against the Defendants; and he was to confirm that the 30(b)(6) deposition would not be going forward on September 4, a date that you picked as a placeholder.

Not having received the email addressing those loose ends, I will proceed as best we can as follows. Not wanting to delay production further, we will default to the date range that we had previously been using, March 2014 through December 2017. I will ask VDOC to produce any negative employment actions against the named Defendants for this same time frame. Further, we agreed that the 30(b)(6) cannot go forward until the motion for protective order, which will be filed today, has been ruled upon.

As to the requested depositions of the Defendants, all of the Defendants that I represent are available on September 10-11 at ROSP. You indicated that you felt that you could only depose two per day. As I indicated there are some Defendants who should be quick because they were not involved in the offering or denial of barber services. I propose we try to plan on deposing all of them during those two days. I have offered to provide information about their involvement or lack thereof (which unfortunately my predecessor attorney did not do in the summary judgment stage) which should help focus your efforts even more.

In the meet and confer, Jaime had specified two search terms for the email accounts ("barber" and "DePaolo"). The same day we communicated that request to the Defendants but in an abundance of caution, I asked them to search "barber services" as well. In your email you have asked for an additional 9 search terms. To be clear, I am unaware of any request made by DePaola that would have necessitated any such searches which is why no such search had previously taken place. I agreed to the limited search in an attempt to provide you discovery despite the fact that discovery has closed. Your newest request with these additional terms, which include "Islam" and "Muslim" are not reasonable, are not designed to target the information sought, and are not what we specifically agreed to in the meet and confer.

I hope this sums up where we are.

Dick

2

**Richard C. Vorhis**
**Senior Assistant Attorney General**
**Office of the Attorney General**
202 North 9th Street
Richmond, Virginia 23219
(804) 786-4805 Office
RVorhis@oag.state.va.us
http://www.ag.virginia.gov



---

**From:** Gagen, James [mailto:jgagen@whitecase.com]
**Sent:** Thursday, August 30, 2018 6:17 PM
**To:** Vorhis, Richard C.
**Cc:** Crowe, Jaime M.; Putz, Nicholas; Yawn, Abigail T.; Warren, Kaffa, A.A.; Montour, Terrie D.; theoquinnlawoffice@gmail.com
**Subject:** DePaola v. Clarke, et al., Plaintiff's Document Requests

Dick:

We are writing to follow up on our meet and confer discussion on Tuesday, August 28, concerning Defendants' responses to Mr. DePaola's requests for production. At the outset, during our call you promised to provide several categories of documents on behalf of the Defendants, including ICA Review documents, which you promised to provide shortly after our call. However, we still have not received the promised production.

During our call, you also confirmed that neither Defendants nor VDOC had conducted a search of Defendants' state email accounts in response to Mr. DePaola's requests. Please conduct a search for the following terms in Defendants' email accounts (including Mr. Fleming's email account), for the period January 1, 2014 through December 31, 2017:

DePaola
Islam
Muslim
Barber
Groom or Grooming
Hygiene
Beard
Haircut
Shave or Shaving
Razor
864.1

Please let us know as soon as possible if you will not be producing the requested documents or conducting the requested searches so that we can determine whether the Court needs to be involved.

Thanks,
James Gagen

3

**James Gagen** | Counsel
T +1 202 626 6496    M +1 646 398 4785    E jgagen@whitecase.com

**WHITE & CASE**

================================================================================

PLEASE NOTE: The information contained in this message is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive it. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, or if any problems occur with transmission, please contact sender or call (202) 626-3600. Thank you.

Our external privacy policy is available on https://www.whitecase.com/privacy-policy.

================================================================================

This electronic communication may contain confidential or privileged information for an intended recipient. If you are not the intended recipient or received this email in error, please notify the sender immediately by return email and delete this email without disclosing, duplicating or otherwise transmitting the contents, including all attachments.